## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER PHILYAW,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 5:25-CV-401-CAR-CHW** |
| | : | |
| **UNKNOWN,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendants.** | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Christopher Shawn Philyaw who is presently housed at Central State Hospital in Milledgeville, Georgia, filed a letter that has been docketed as a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*. Accordingly, Plaintiff is **ORDERED** either to pay the $405.00 filing fee or to submit a properly completed motion to proceed *in forma pauperis*. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

## INITIAL REVIEW OF COMPLAINT

At this time, the Court cannot discern from the pleadings whether Plaintiff is a pre-trial detainee or a prisoner who is being housed at Central State Hospital under a court order for a mental evaluation and/or restoration. Pursuant to 28 U.S.C. § 1915A(a), a

federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." District courts must also screen complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e).  Because Plaintiff has not yet paid a filing fee, screening of his pleading is warranted.

Plaintiff's letter is a rambling and often indecipherable variety of allegations about his use of various drugs, their effects on his health, and possible criminal arrests or convictions dating as far back as 2017.  *See* ECF No. 1.  Plaintiff names no defendant in his letter but requests millions of dollars in damages.  *Id*.  Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."  Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a party must state its claims in paragraphs limited to a single set of circumstances.

As such, Plaintiff's pleading can be characterized as a "shotgun pleading."  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).  "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both."  *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022).  In a shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief".  *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006). The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading. *See Weiland,* 792 F.3d at 1321-23. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable means of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

Furthermore, Plaintiff's letter contains numerous allegations about events that happened well over two years ago. *See* ECF No. 1. The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury, and for Georgia that is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003). The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). Plaintiff's claims as to any incident occurring more than two years prior to the

3

date Plaintiff submitted his complaint (September 13, 2025) would be facially barred by the two-year statute of limitations and subject to dismissal unless Plaintiff can factually show equitable tolling is applicable to his claims. *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred). Plaintiff has failed to demonstrate that equitable tolling applies to his time-barred claims.

Lastly, Plaintiff complains about several criminal arrests, detentions, and state prosecutions. *See* ECF No. 1. Plaintiff's complaint is unclear as to whether the criminal charges from those arrests have been resolved in his favor or whether he is awaiting trial on any of these matters. If Plaintiff has been convicted of these charges, he may not pursue a claim in federal court that would render a conviction or sentence invalid until he first shows that the conviction or sentence has already been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Luke v. Gulley*, 50 F.4th 90, 95 (11th Cir. 2022) (internal quotation marks omitted) (finding that a plaintiff must prove in a § 1983 malicious prosecution claim that (1) "the defendant violated [the plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process" and (2) "the criminal proceedings against [the plaintiff] terminated in his favor.").

4

If Plaintiff's criminal charges are still pending, principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies). Because a ruling in this federal civil case could impugn any current criminal prosecution of the Plaintiff in the state courts for any arrests of which the Plaintiff complains, the district court must allow the state court to resolve the criminal prosecution of the Plaintiff prior to any enquiry into his civil rights violation claims. *Wallace v. Kato,* 549 U.S. 384, 393-394 (2007) (concluding that if a plaintiff files a claim related to rulings that will likely be made in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case has ended); *Younger*, 401 U.S. 37 at 46 (finding that the fact that a plaintiff must endure a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention). In sum, if Plaintiff's criminal case is ongoing in the state courts as to any of his listed arrests, or if he was convicted for charges from those arrests and those convictions have not otherwise been rescinded, any present civil rights claim as to those arrests would be subject to dismissal.

It is not incumbent upon the Court effectively to re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim for which relief may be granted. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a

leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").    Rather than recommending dismissal of this complaint outright for violating the rules of Civil Procedure and for failure to state a claim, however, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam); *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Thus, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have as he appears to have done in his original complaint.    A plaintiff may not join unrelated claims and defendants in a single action.    *See generally* Fed. R. Civ. P. 20.    *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010).    A plaintiff may join defendants in one action only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."    Fed. R. Civ. P. 20(a)(2)(A)-(B).    If Plaintiff wants to raise unrelated claims against multiple defendants, he must raise these

claims in separate civil actions that abide by the Federal Rules of Civil Procedure and he must address the filing fee for each civil action that he files.

Having now been advised of Rule 20, Plaintiff is directed not to join unrelated claims against multiple defendants in his recast complaint. If Plaintiff raises unrelated claims, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow a Court order. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016); *Skillern*, 379 F. App'x at 860.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)    What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)    Is the Defendant a supervisory official[1] and if so, was he/she personally

---

[1] Plaintiff is advised that he cannot simply name supervisors such as a Sheriff, Prison Commissioner, and Warden based solely on their official capacities and supervisory roles. Supervisory officials are not liable under § 1983 unless they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir.

involved in the constitutional violation?   If not, how did his/her actions otherwise cause the unconstitutional action?   How do you know?

(3)   On what date(s) and where did each action occur?

(4)   How were you injured because of this Defendant's actions or inactions?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).   Thus, Plaintiff's amended complaint will take the place of his original complaint.   In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.   Additionally, Plaintiff should state his claims as simply as possible, referring only to the relevant allegations against the named defendants in this case.   If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   Plaintiff should not otherwise use legal

---

2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

terminology or cite any specific statute or case law. Plaintiff is not to include any exhibits or attachments. ***The recast complaint cannot be longer than ten (10) pages in its entirety***.

### MOTION FOR AN APPOINTED ATTORNEY

Plaintiff has requested that this Court appoint him an attorney. ECF No. 3. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff's claims are readily apparent, the issues presented in Plaintiff's pleading are not complex, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Most notably, at this early stage in the litigation, there is no merit to Plaintiff's lawsuit for he has failed to name any defendant and has raised claims that are barred under the statute of limitations, *Heck*, and possibly *Younger*.

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

For these reasons, Plaintiff's request for appointed counsel (ECF No. 3) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

Plaintiff's request for the appointment of counsel (ECF No. 3) is **DENIED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*.

The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard *in forma pauperis* application and associated documents with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 27th day of October, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge